■ ARTHUR J. KREMER, Appellant, v 4-65 48TH AVENUE, INC., et al., Respondents. [768 NYS2d 622]—

In a shareholder's derivative action, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Dunne, J.), entered September 3, 2002, which, after a nonjury trial and upon a decision of the same court dated August 14, 2002, is in favor of the defendants and against him dismissing the complaint.

Ordered that on the Court's own motion, the notice of appeal from the decision is deemed to be a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed, with costs.

A judgment rendered after a nonjury trial should not be

disturbed on appeal unless it is clear that the trial court's conclusion could not have been reached under any fair interpretation of the evidence (*see Belloff v Wayco Agencies,* 280 AD2d 503 [2001]). Here, a fair interpretation of the evidence supports the trial court's determination that the individual defendant, who is the majority shareholder of the defendant 4-65 48th Avenue, Inc., a closely held corporation, as well as one of its directors, did not breach the fiduciary duty that he owed to the trust in question, which was a minority shareholder, during the relevant time period (*see Alpert v 28 Williams St. Corp.,* 63 NY2d 557 [1984]; *Belloff v Wayco Agencies, supra* at 504; Business Corporation Law § 713 [b]). Accordingly, the trial court properly dismissed the complaint (*see Belloff v Wayco Agencies, supra,* at 503-504). Santucci, J.P., Krausman, Cozier and Mastro, JJ., concur.